959 F.2d 237
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alvis Lloyd KEENE, Beatrice Ann Keene, Peggy Schnell,
Defendants-Appellants.
 Nos. 91-5505, 91-5506, 91-5507.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and CHURCHILL, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendants appeal from their jury verdict for mail fraud and conspiracy to commit mail fraud. For the reasons that follow, we reverse in part and affirm in part.
 
 I.
 
 2
 On October 3, 1990 a fourteen count indictment was returned charging Alvis Keene, Beatrice Keene, and Peggy Schnell with thirteen counts in violation of federal mail fraud statutes under 18 U.S.C. §§ 1341 and 1342. Count Fourteen charged the defendants with conspiring to commit mail fraud in violation of 18 U.S.C. § 371. After the government's case-in-chief, the court denied a motion for acquittal as to Alvis Keene. It granted the motion of Beatrice Keene as to all counts except Counts Five and Fourteen. The court also granted the motion of Schnell as to all but Counts Seven, Eleven and Fourteen. Alvis Keene was found guilty on all counts. Beatrice Keene and Schnell were found guilty only on Count Fourteen.
 
 
 3
 Since 1966, Alvis Keene owned Lloyd's Used Car Company, Inc. Beatrice Keene and Schnell worked as secretaries for the business. As part of the operation of the car lot, customers were offered credit life, disability and unemployment insurance benefits for the term of the financing agreement. Prior to 1985, these insurance benefits had been offered through insurance companies which were authorized to do insurance business in Kentucky.
 
 
 4
 In 1985, Alvis Keene had insurance policies and forms printed up using the names Delta Life Insurance Company and Peoples Unemployment Benefit Insurance Company. Neither company was incorporated nor received a certification of authorization to transact insurance business in Kentucky.
 
 
 5
 The insurance that was sold to a customer was done so on the premises of Lloyd's Used Car Co., Inc. After a customer decided to purchase a vehicle, a worksheet was prepared by the salesman, listing the cost of the vehicle, and whether the customer desired to purchase insurance. The worksheet was given to one of the secretaries for preparation of the typed paperwork. The insurance premiums were factored into the total amount of money financed with respect to the purchase of the motor vehicle and were added into the retail installment contract and security agreement. Copies of the policies were generally given to the customers on the lot, but testimony revealed two exceptions in which they were mailed, and the indictment reflects these exceptions in Counts One and Three.
 
 
 6
 The installment contracts and security agreements were signed and hand delivered to the First National Bank of Pikeville, Kentucky. The bank would then set up an account for the contract, deposit monies received into the bank account of Lloyd's Used Car Co., and order coupon books which were mailed by Deluxe Check Printers directly to the customer.
 
 II.
 
 7
 All defendants argue that there was insufficient evidence of a conspiracy and that it was error to deny an acquittal on that count.
 
 
 8
 "In reviewing an appeal from a criminal conviction on the ground that the evidence is insufficient to support the verdict, we determine 'whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." U.S. v. Gresser, 935 F.2d 96, 100 (6th Cir.1991), cert. denied, 112 S.Ct. 239 (1991) (citing U.S. v. Gallo, 763 F.2d 1504, 1518 (6th Cir.1985), cert. denied, 475 U.S. 1017 (1986)). The test is the same whether the evidence is direct or circumstantial. Id.
 
 
 9
 "The existence of a conspiracy to violate federal law may be established by a tacit or mutual understanding among the parties." United States v. Blakeney, 942 F.2d 1001, 1010 (6th Cir.1991), cert. denied, 116 L.Ed.2d 785 (1992). Mere association with conspirators, however, "is not enough to establish participation in a conspiracy." Id.
 
 
 10
 The evidence does not support a finding that Beatrice Keene or Peggy Schnell knew the plan was illegal. This forecloses the possibility that there was a mutual understanding of criminal proportions. Consequently, we find that the evidence is insufficient to support the jury verdicts as to the conspiracy count. The convictions on Count Fourteen as to all defendants are reversed.
 
 III.
 
 11
 Defendant Alvis Keene argues that the mailings alleged in the indictments were not incident to an essential part of the scheme and that therefore the court lacked subject matter jurisdiction.
 
 
 12
 To satisfy the mail fraud statute, the mailings need not be an essential part of the scheme. Pereira v. United States, 347 U.S. 1, 8 (1954). However, the mailings must be incident to an essential part of the scheme. Schmuck v. United States, 489 U.S. 705, 711 (1989), reh'g denied, 490 U.S. 1076 (1989).
 
 
 13
 We find that the mailing of the coupon books, upon which the government principally relies, is not incident to an essential part of the scheme. However, the act of sending a copy of the policy through the mails is sufficient to satisfy the requirements of the statute. Therefore, Alvis Keene's convictions on all counts except Counts One and Three are reversed. Defendant Alvis Keene's other arguments, as they pertain to Counts One and Three, are without merit.
 
 IV.
 
 14
 Based on the foregoing, we reverse the convictions of Beatrice Keene and Peggy Schnell. We reverse the conviction of Alvis Keene on all counts except for Counts One and Three. The conviction on those counts is affirmed.
 
 
 15
 This case is remanded to the district court for the resentencing of defendant Alvis Keene on Counts One and Three.
 
 
 
 *
 Honorable James P. Churchill, Senior District Judge for the Eastern District of Michigan, sitting by designation